HITE ET AL., EXRS., *v.* HITE ET AL.

(Decided June 4, 1928.)

*Mr. I. Q. Jordan,* for plaintiffs.
*Mr. Joseph W. Sharts,* for defendant Hite.
*Messrs. Hayes & Barns,* for defendant Richardson.

HAMILTON, P. J. This action was instituted in the court of common pleas of Clinton county, Ohio. The plaintiffs, A. A. Hite and C. D. Hite, as executors of the estate of Sarah L. Hite, deceased, ask the court to settle and determine the ownership of the legacy of defendant Oscar S. Hite under the will of his mother, Sarah L. Hite. The petition alleges that the amount of the legacy is $1,224.91.

The petition further alleges that the defendant Oscar S. Hite has demanded and claims the said amount as legatee under the will of Sarah L. Hite, deceased, and that the defendants, W. M. Mussetter, as widower, Mary Richardson, and Clara Burden, daughters and next of kin and heirs at law of Maud Mussetter, claim the interest of said Oscar S. Hite in said estate under a written contract made and entered into by and between the said Maud Mussetter and Oscar S. Hite, and the petition prays that the defendants Oscar S. Hite and W. M. Mussetter, Mary Richardson and Clara Burden may interplead, and the court determine to whom said legacy shall be paid.

Oscar S. Hite answered, denying that he has ever relinquished or transferred his distributive share in the estate of Sarah L. Hite, deceased.

W. M. Mussetter, Mary Richardson and Clara Burden, by way of answer, set up that they are the sole surviving heirs at law and next of kin of Maud Mussetter, deceased; that on the 27th day of April, 1914, Oscar S. Hite executed and delivered to the said Maud Mussetter all of his right, title, and interest in and to the estate of his mother, Sarah L. Hite, deceased; and they annex a copy of the assignment of the interest which they claim entitled them

as widower and heirs at law of Maud Mussetter to be paid the interest of said Oscar S. Hite in said estate, which assignment is as follows:

"Xenia, O., April 27th, 1914.

"For value received I hereby sell, assign, and transfer all my right, title and interest in the dower estate of my mother, Sarah L. Hite, to Maud Mussetter. And I hereby direct that upon the final settlement of the estate of the said Sarah L. Hite, all my interest of whatever nature and kind be paid to the said Maud Mussetter, and I empower the said Maud Mussetter to receipt to the administrator of said estate for such interest such receipt when so signed by her shall have the same effect as if I had signed the same personally.

"In witness whereof I have hereunto set my hand this 27th day of April, A. D., 1914.

"Oscar S. Hite.

"Attest:
"C. W. Whitmer."

Homer H. Richardson, administrator of the estate of Maud Mussetter, deceased, entered his appearance, and filed an answer as such administrator, claiming the interest in question as part of the estate of his decedent.

The trial court adjudged and decreed that the said Homer H. Richardson, as administrator of the estate of Maud Mussetter, deceased, was entitled to receive the interest of said Oscar S. Hite under and by virtue of the assignment.

From that judgment, the defendant Oscar S. Hite, appeals to this court.

The question here turns on the validity and effect of the written assignment herein referred to.

Oscar S. Hite was called for cross-examination, and testified that he knew nothing about the assignment, had never signed the same, and never received any consideration for any transfer of his interest in his mother's estate, and denied that the signature to the instrument was his. On this question C. W. Whitmer was then called, and testified that he was an attorney at law in Xenia, Ohio; that Mrs. Maud Mussetter and her husband, W. M. Mussetter, together with Oscar S. Hite, came to his office, and informed him that Oscar S. Hite desired to transfer his prospective interest in his mother's estate (the mother was then living) to Maud Mussetter, for money advanced to Hite by Mrs. Mussetter; that he thereupon drew the instrument in question at the time; that Oscar S. Hite signed the instrument in his presence; and that he attested the same as a witness.

W. M. Mussetter, husband of Mrs. Maud Mussetter, the assignee under the instrument, gave like testimony.

Our conclusion is that the said Oscar S. Hite signed and delivered the instrument in question.

Mrs. Maud Mussetter, the assignee, was a sister of Oscar S. Hite, and the evidence is that she had advanced to her brother, Oscar S. Hite, $800, and that the assignment was for the purpose of securing the repayment of the money advanced to him.

It is contended by counsel for Oscar S. Hite that the instrument conveys nothing, as it refers only to "the dower estate of my mother Sarah L. Hite," and that, since there was no dower estate, it conveys nothing.

The facts disclosed by the evidence on this point

are that the mother, Sarah L. Hite, was the administratrix of her husband's estate; that, in lieu of dower in her husband's estate, the children, among whom were Maud Mussetter and Oscar S. Hite, agreed to and signed releases of certain interests in their father's estate to their mother, Mrs. Sarah L. Hite; and that the interest in question here grows out of the estate thus obtained by Sarah L. Hite from her husband's estate. This in a measure explains the use of the word "dower" in the assignment.

The testimony of C. W. Whitmer, who drew the instrument, is that he does not recall how or why he used the word "dower," but that the intention was to transfer any and all the interest of said Oscar S. Hite in his mother's estate. This is borne out by the following language in the assignment:

"And I hereby direct that upon the final settlement of the estate of the said Sarah L. Hite all my interest of whatever nature and kind be paid to the said Maud Mussetter."

Our conclusion is that he intended to assign all his prospective interest in his mother's estate to his sister, Maud Mussetter, and that the consideration therefor was $800, advanced to him by Maud Mussetter.

This brings us to the question of importance in the case, and that is: Is a contract or assignment of a prospective interest as heir or legatee, made during the life of the ancestor, enforceable in law or in equity?

Some of the courts hold that such an assignment or conveyance will not operate when the heir apparent comes into possession of the property, since

the contract is void and not enforceable either in law or in equity.

Some of the courts hold that such a contract is enforceable, if based upon an adequate consideration, and is a *bona fide* contract, enforceable either at law or in equity.

Some of the courts hold that the sale of an expectancy may be enforced in equity against the heir, or through the doctrine of estoppel.

We are of the opinion that the weight of authority is that, while the assignment is void at law, it will be sustained in equity after the ancestor's death, when based upon an adequate consideration and entered into in good faith.

This rule has been upheld by the courts in Illinois, Iowa, New York, Pennisylvania, Tennessee, Texas, and many other states. See 32 L. R. A., 595, note 2; *McCall, Admr.,* v. *Hampton,* 98 Ky., 166, 32 S. W., 406, 17 Ky. Law Rep., 713, 33 L. R. A., 266, 56 Am. St. Rep., 335, and 25 L. R. A. (N. S.), 436, note. That the Supreme Court of Ohio takes this view of the weight of authority is shown by the decision of that court in the case of *Needles, Exr.,* v. *Needles,* 7 Ohio St., 432, 70 Am. Dec., 85. At page 446 of the opinion, the court says:

"Reference has been made to a class of cases, where one of the heirs presumptive has purchased and paid a valuable consideration for the expectancy of another of the heirs in the ancestor's estate; and where two of the children have contracted with each other, to divide equally whatever may come to them from an ancestor by devise or descent, in which such contracts have been sustained. Such is the effect of several of the cases, English and American, re-

ferred to by counsel in this case. *Trull* v. *Eastman and Wife,* 3 Metc. Rep. [Mass.], 121, [37 Am. Dec., 126]; *Fitch* v. *Fitch,* 8 Pick. Rep. [Mass.], 480; *Beckley* v. *Newland,* 2 P. Wms., 182. * * * Where two of the children contract with each other in regard to their expectancy from their ancestor, they stand upon equal footing, and although such contract cannot operate by way of assignment or release, yet where a valuable consideration has been paid, it may operate by way of estoppel, or be enforced in equity.''

It is in evidence that the money advanced by Mrs. Maud Mussetter to Oscar S. Hite, for which the assignment was executed, with interest thereon, amounts to a sum in excess of the amount of the legacy in question, so that a full and adequate consideration is shown by the evidence; that the transaction was in good faith; and that it was a fair transaction.

We, therefore, find that Oscar S. Hite executed and delivered the written assignment; that the assignment was made for full and adequate consideration, and in good faith; that the intention of the instrument was to assign all the interest of said Oscar S. Hite in the estate of his mother; that the assignment is enforceable; and that Homer H. Richardson, as administrator of the estate of Maud Mussetter, deceased, is entitled to receive from these plaintiffs, executors of the estate of Sarah L. Hite, deceased, the distributive interest of the said Oscar S. Hite in said estate.

A decree may be presented accordingly.

*Decree accordingly.*

Mills and Cushing, JJ., concur.